JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES -- GENERAL

| | | |
|---|---|---|
| Case No. | **CV 21-1811-JFW(PVCx)** | Date: May 18, 2021 |
| Title: | Ran Klein -v- EHang Holdings Limited, et al. | |

**PRESENT:**

    **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Daisy Rojas** | **None Present** |
| Relief Courtroom Deputy | Court Reporter |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**   **ORDER TRANSFERRING ACTION TO UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

    In reviewing the docket in this action, the Court discovered that two securities fraud actions filed in the Southern District of New York are related to this action: (1) *Amberber v. EHang Holdings Limited, et al.*, Case No 1:21-cv-01392-GBD ("*Amberber*"), which was filed on February 17, 2021; and (2) *Chaumont v. Ehang Holdings Limited, et al.*, Case No. 1:21-cv–1526-GBD ("*Chaumont*"), which was filed on February 19, 2021. Both *Amberber* and *Chaumont* were filed before this action, *Klein v. Ehang Holdings Limited, et al.*, Case No. 2:21-cv-01811-JFW (PVCx) ("*Klein*"), which was filed on February 26, 2021. As a result, on May 14, 2021, the Court issued an Order to Show Cause Why This Case Should Not Be Transferred, ordering the two putative Movants for Lead Plaintiff, Timo Rautanen ("Rautanen") and Sergiu Rata ("Rata"), to show cause why this action should not be transferred to the Southern District of New York pursuant to Section 1404(a) as a related case to and for possible consolidation with *Amberber* and *Chaumont*. On May 17, 2021, Rautanen and Rata filed their respective Responses, and both Rautanen and Rata agreed that this action should be transferred to the Southern District of New York.

    28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Although a transfer pursuant to Section 1404(a) is typically based on the motion of a party, the statute is broad enough to allow a court to transfer a case *sua sponte*. *See Lead Industries Ass'n, Inc. v. Occupational Safety and Health Admin.*, 610 F.2d 70, 79 n. 17 (2d Cir. 1979) (holding that "the broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*"); *see also Cento Pearl v. Arts and Craft Supply Inc.*, 2003 WL 1960595, at *1 (S.D.N.Y. 2003) ("The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established").

      In this case, the Court agrees with Rautanen and Rata that this action should be transferred to the Southern District of New York.  The purpose of Section 1404(a) is to "prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Co. v. The Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  "Under § 1404(a), the district court has discretion to adjudicate motions for transfer 'according to an individualized, case-by-case consideration of convenience and fairness.'"  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  Thus, "the central inquiry of a § 1404(a) motion" is the convenience of the parties and witnesses and the interests of justice."  *Joe Boxer Corp. v. R. Siskind & Co., Inc.*, 1999 WL 429549, at *8 (N.D. Cal. June 8, 1999).  Transfer is particularly appropriate in this case because multiple cases – *Amberber, Chaumont,* and *Klein* – involve virtually identical issues and are simultaneously pending in different district courts.  *See Continental Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960) ("To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that [Section] 1404(a) was designed to prevent").  Indeed, Rautanen and Rata agree that this action is related to *Amberber* and *Chaumont*, and that those two actions and *Klein* are likely to be consolidated.  In addition, although "[s]ubstantial weight is normally accorded to the plaintiff's choice of forum, . . . [i]n the Ninth Circuit, 'the weight to be given the plaintiff's choice of forum is discounted where the action is a class action.'"  *Tran v. Third Ave. Mgmt. LLC*, 2016 WL 6828217, at *4 (C.D. Cal. Apr. 12, 2016) (*quoting Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)).  Moreover, the plaintiff, Ran Klein, who filed this action is not seeking to be named Lead Plaintiff, none of the named Defendants appear to have any ties to the Central District of California, and the operative facts did not occur in the Central District of California.  *Id.*  Furthermore, the majority of the non-party witnesses in this action – including the NASDAQ Exchange and Wolfpack Research – are located in the Southern District of New York.  Finally, if the Court transfers this action now, it will allow the court in the Southern District of New York to decide issues of consolidation and appointment of Lead Plaintiff on all three actions at the same time.  *See* 15 U.S.C. § 78u-4(a)(3)(A)(ii).

      Accordingly, for all the foregoing reasons, the Court **TRANSFERS** this action, *Klein v. Ehang Holdings Limited, et al.*, Case No. 2:21-cv-01811-JFW (PVCx), to the United States District Court for the Southern District of New York.

      IT IS SO ORDERED.